**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**TOMMY MOSLEY**                                                                           **PLAINTIFF**
**ADC #085548**

**v.**                                    **Case No. 4:21-CV-00583-LPR**

**WENDY KELLY,** *et al.*                                                        **DEFENDANTS**

<u>**ORDER**</u>

Plaintiff Tommy Mosley is incarcerated at the East Arkansas Regional Unit of the Arkansas Division of Correction.  He filed a *pro se* complaint on June 28, 2021 along with a Motion for Leave to Proceed *In Forma Pauperis* ("IFP").[1]  Mr. Mosley's IFP Motion (Doc. 1) is DENIED based on his litigation history and his Complaint (Doc. 2) is DISMISSED without prejudice for failure to pay the filing fee.

Mr. Mosley sued Arkansas Department of Correction Director Wendy Kelly, Deputy Director William Straughn, and Secretary of the United States Treasury Steve Mnuchin.[2]  Mr. Mosley says that prior to October 13, 2020 he applied for economic impact payments provided for under the Cares Act and other laws.[3]  Mr. Mosley claims he is entitled to the payments but has not yet received them.[4]  According to Mr. Mosley, the defendants withheld his payments in violation of his rights under the Sixth and Fourteenth Amendments.[5]  Mr. Mosley seeks "declaratory judgment, mandamus, temporary restraining order, injunction, costs, and all appropriate relief."[6]

---

[1]  Pl.'s IFP Motion (Doc. 1); Pl.'s Compl. (Doc. 2).

[2]  Pl.'s Compl. (Doc. 2) at 1-2.

[3]  *Id*. at 4.

[4]  *Id.*

[5]  *Id*.

[6]  *Id*. at 5.

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Prior to filing this lawsuit on June 28, 2021, Mr. Mosley filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted. *See Mosley v. Endell, et al.,* 5:93-cv-00054-HW (E.D. Ark.); *Mosley v. Arkansas Supreme Court*, *et al.*, 4:96-CV-00056-GH (E.D. Ark.); *Mosley v. Reed,* 5:96-CV-00119-SMR (E.D. Ark.); and *Mosley v. United Nations,* 4:02-CV-00752-JMM.

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g) (providing that three strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

For Mr. Mosley to be able to proceed *in forma pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint. *See Ashley,* 147 F.3d at 717. Mr. Mosley's pleadings do not indicate he was in imminent danger at the East Arkansas Regional Unit at the time he filed his complaint. Accordingly, the imminent danger exception does not apply. *Ashley,* 147 F.3d at 717. Therefore, this case will be dismissed due to Mr. Mosley's failure to pay the filing fee. Mr. Mosley will have thirty (30) days to reopen this case by paying the $402 filing fee in full.

IT IS THEREFORE ORDERED that:

1.     Mr. Mosley's Motion to Proceed *In Forma Pauperis* (Doc. 1) is DENIED.

2.     Mr. Mosley's Complaint (Doc. 2) is DISMISSED without prejudice.

3.     Mr. Mosley's Petition for Declaratory Judgment, Writ of Mandamus, Injunction, and Temporary Restraining Order  (Doc. 3) is DENIED is as moot.

4.     Mr. Mosley has thirty (30) days from the entry date of this Order in which to reopen this case by paying the $402 filing fee in full.

5.     The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 20th day of July, 2021.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE